UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

**08 CV 02173**

PAUL CASALE and ANTHONY GARCIA,
on Behalf of Themselves and Others
Similarly Situated,

-CV-

                           Plaintiffs,

**CLASS ACTION
COMPLAINT AND
JURY DEMAND**

      – against –

RAYMOND W. KELLY, Commissioner of the
New York City Police Department (NYPD);
CITY OF NEW YORK; JOHN/JANE DOES1-50
(NYPD Supervisory, Training and Policy Personnel);
JOHN/JANE DOES 51-100 (NYPD police officers);

                         Defendants.
------------------------------------------------------------------x



RECEIVED
MAR 0 4 2008
U.S.D.C. S.D. N.Y.
CASHIERS

      Plaintiffs Paul Casale and Anthony Garcia ("Plaintiffs"), on behalf of themselves

and others similarly situated, for their Complaint, allege as follows:

## INTRODUCTION

    1.    Almost two decades ago, in 1988, the New York State Court of Appeals

declared unconstitutional New York Penal Law § 240.35(7), which provided that a person is

guilty of "loitering" when he "loiters or remains in a transportation facility, or is found sleeping

therein, and is unable to give a satisfactory explanation of his presence." See People v. Bright,

71 N.Y.2d 376, 526 N.Y.S.2d 66 (1988).

    2.    Five years earlier, in 1983, the New York State Court of Appeals declared

unconstitutional New York Penal Law § 240.35(3), which provided that a person is guilty of

"loitering" when he "loiters or remains in a public place for the purpose of engaging, or soliciting

another person to engage, in oral sexual conduct, anal sexual conduct or other sexual behavior of a deviate nature." See People v. Uplinger, 58 N.Y.2d 936, 460 N.Y.S.2d 514 (1983).

3.      Notwithstanding the clear commands of Uplinger and Bright, the New York City Police Department ("NYPD") has continued to arrest, summons, charge and prosecute individuals such as plaintiffs Paul Casale and Anthony Garcia for violations of unconstitutional subsections of the loitering statute P.L. § 240.35, including P.L. § 240.35(3) and § 240.35(7). This is inexcusable. It is stunningly inept. It must be stopped.

4.      On March 4, 2007, while plaintiff Paul Casale was peacefully standing in the vicinity of 42nd Street and Eighth Avenue, New York, New York, he was wrongfully summoned and charged by uniformed officers employed by the NYPD, with loitering in violation of P.L. § 240.35(7).

5.      On March 4, 2007, while plaintiff Anthony Garcia was peacefully standing in the vicinity of 42nd Street and Eighth Avenue, New York, New York, he was wrongfully summoned and charged by uniformed officers employed by the NYPD, with loitering in violation of P.L. § 240.35(7).

6.      This action seeks to end – finally, for all time – this pattern and practice of unconstitutional conduct by police officers in the NYPD (the "Loitering Charges Policy."). It defies belief that defendants continue to arrest, summons, and prosecute citizens for loitering under the authority of void statutes struck down as unconstitutional more than two decades ago.

7.      Plaintiffs Paul Casale and Anthony Garcia bring this action for injunctive and declaratory relief, and for money damages, on behalf of themselves and other individuals similarly situated who have been wrongfully charged under a subsection of P.L. § 240.35

(including but not limited to P.L. § 240.35(3) and P.L. § 240.35(7)) after that subsections was declared unconstitutional by the New York State Court of Appeals (hereinafter the "unconstitutional subsections of P.L. § 240.35"), and to redress defendants' violations of their rights under the Fourth, Fifth, and Fourteenth Amendments of the United States.[1]  Plaintiffs seeks an appropriate remedial order to ensure an end to the utterly lawless enforcement of criminal statutes that were adjudicated unconstitutional in the 1980s.

## JURISDICTION AND VENUE

8.      This action arises under the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution and the Civil Rights Act of 1871, 42 U.S.C. § 1983, and state law.

9.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343(a) and 1367.

10.     The acts complained of occurred in the Southern District of New York and venue is lodged in this Court pursuant to 28 U.S.C. § 1391(b).

## JURY DEMAND

11.     Plaintiffs demand trial by jury in this action.

## THE PARTIES

12.     Plaintiff PAUL CASALE is a citizen of the United States and was a resident of New York County at the time of the incidents alleged in this action.

13.     Plaintiff ANTHONY GARCIA is a citizen of the United States and was a resident of Kings County at the time of the incidents alleged in this action.

---

[1] This action does not challenge the wrongful enforcement of New York Penal Law § 240.35(1) which is the subject of another pending action in this district. *See Brown v. Kelly, et al.*, 05 Civ. 5442.

14.     Defendant CITY OF NEW YORK ("City") is a municipality organized and existing under the laws of the State of New York. At all times relevant hereto, defendant City, acting through the New York City Police Department ("NYPD"), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, defendant City was responsible for enforcing the rules of the NYPD, and for ensuring that NYPD personnel obey the laws of the United States and of the State of New York.

15.     In addition to the facts alleged in the following paragraphs, the following defendants all acted within the scope of their employment and under color of law, including the statutes, ordinances, regulations, policies, customs and usages of the City of New York, State of New York, and/or New York, Bronx, Kings, Queens and Richmond Counties. The following defendants are all sued in their individual and official capacities.

16.     At all relevant times defendant RAYMOND W. KELLY was the Police Commissioner of the City of New York and, as such, made and enforced policy of the NYPD, and acted in his capacity as agent, servant, and employee of defendant City, within the scope of his employment as such, and under color of state law.

17.     At all relevant times, defendants "Jane/John Does 1-50" (hereinafter "NYPD Supervisory Defendants") were training, supervisory and policy making personnel within the NYPD who implemented, enforced, perpetuated and/or allowed the unconscionable Loitering Charges Policy that is the subject of this action, acting in the capacity of agents, servants and employees of defendant City and within the scope of their employment as such.

Plaintiffs are unable to determine the names of these NYPD Supervisory defendants at this time and thus sues them under a fictitious designation.

18.    At all relevant times, defendants "Jane/John Does 51-100" (hereinafter "NYPD Individual Defendants") were NYPD police officers who charged plaintiffs and/or members of the plaintiff class pursuant to the Loitering Charges Policy and/or failed to prevent others from doing so, acting in the capacity of agents, servants and employees of defendant City and within the scope of their employment as such. Plaintiffs are unable to determine the names of these NYPD police officers at this time and thus sues them under a fictitious designation..

19.    During all times mentioned in this complaint, the defendants and each of them, separately and in concert, engaged in acts and/or omissions which constituted deprivations of plaintiffs' constitutional rights, and the privileges and immunities of the plaintiffs, and while these acts were carried out under color of law, they had no justification or excuse, and were instead gratuitous, illegal, improper and unrelated to any activity in which law enforcement officers may appropriately and legally engage in the course of protecting persons and property and/or ensuring civil order.

## CLASS ACTION ALLEGATIONS

20.    Plaintiffs Paul Casale and Anthony Garcia bring this action as a class action under Fed. R. Civ. P. 23(b)(2) for violations of their constitutional and common law rights. The Rule (b)(2) Class is comprised of all persons who were or will be wrongfully charged under a subsection of P.L. § 240.35 after that subsection was declared unconstitutional by the New York State Court of Appeals, and accordingly, who are threatened with future unlawful enforcement of an unconstitutional subsection of P.L. § 240.35.

21.    Defendants have acted, or failed to act, on grounds generally applicable to the Rule (b)(2) Class, thereby making appropriate final injunctive relief with respect to the Rule (b)(2) Class as a whole.

22.    On information and belief, the Rule (b)(2) class includes hundreds of members. They are so numerous that joinder of all Class members is impracticable.

23.    Plaintiffs Paul Casale and Anthony Garcia also bring this action as a class action under Fed. R. Civ. P. 23(b)(3), on behalf of themselves and other individuals similarly situated who have been wrongfully charged under a subsection of P.L. § 240.35 after that subsection was declared unconstitutional by the New York State Court of Appeals, for violations of their constitutional and common law rights. The Rule (b)(3) Class is comprised of all persons charged with a subsection of P.L. § 240.35 after that subsection was declared unconstitutional by the New York State Court of Appeals, during the fullest period permitted by the applicable statute of limitations, including but not limited to all persons detained, arrested, charged, or to whom summons were issued.

24.    All of the members of the Rule (b)(3) class were injured as a result of defendants' conduct.

25.    On information and belief, the Rule (b)(3) class includes hundreds of individuals. They are so numerous that joinder of all Class members is impracticable.

26.    The questions of law and fact presented by plaintiffs Paul Casale and Anthony Garcia are common to other members of the class. Among others, the questions of law and fact common to the Class are: (i) whether (and which) defendants enforced or failed to prevent the enforcement of unconstitutional subsections of P.L. § 240.35, including without

-6-

limitation wrongfully arresting, detaining, charging, summonsing, imprisoning and/or prosecuting class members for violations of P.L. § 240.35(3) and P.L. § 240.35(7), after these statutes had already been declared unconstitutional by the New York State Court of Appeals; (ii) the existence of a pattern and practice of enforcement of unconstitutional subsections of P.L. § 240.35 or failure to prevent their enforcement, including but not limited to wrongful arrests, summonses, and prosecutions of violations of P.L. § 240.35(3) and P.L. § 240.35(7); (iii) the acquiescence of supervisory personnel in the NYPD in the known unlawful acts of subordinates; and the failure of supervisory defendants to train, supervise, and discipline police officers and assistant district attorneys in their respective institutions; and (iv) the appropriate injunctive remedies that will be needed to ensure (a) that the Loitering Charges Policy is terminated in every respect and (b) that its harmful effects are nullified.

27.    Common issues of law and fact such as those set forth above (and many others) predominate over any individual issues.

28.    The Loitering Charges Policy has resulted in the wrongful detention, summonsing, charging, arrest, confinement and prosecution of citizens engaged in lawful activities, and the infliction of physical and psychological injuries on those individuals. The claims and practices alleged in this complaint are common to all members of the class.

29.    The violations suffered by plaintiffs Paul Casale and Anthony Garcia are typical of those suffered by the class. The entire class will benefit from the remedial and monetary relief sought.

30.    Plaintiffs Paul Casale and Anthony Garcia have no conflict of interest with any Class members, and will fairly and adequately protect the interests of the class. Counsel

competent and experienced in federal class action and federal civil rights litigation has been retained to represent the class. Emery Celli Brinckerhoff & Abady LLP is a law firm with offices in New York City with extensive experience in civil rights litigation and class action lawsuits against state and local governments and the NYPD. The Bronx Defenders is a not-for-profit law firm specializing in criminal defense practice with extensive experience in police and prosecutorial practices, and experience in civil rights litigation. Earl Ward Esq. is a civil rights and criminal defense attorney with offices in New York City with extensive experience in civil rights and police misconduct litigation.

31.    This action is superior to any other method for the fair and efficient adjudication of this legal dispute, as joinder of all members is not only impracticable, but impossible given the often peripatetic nature of the members of the Class. The damages suffered by certain members of the Class, although substantial, are small in relation to the extraordinary expense and burden of individual litigation and therefore it is highly impractical for such Class members to attempt redress for damages incurred due to their wrongful arrest and confinement.

32.    There will be no extraordinary difficulty in the management of the Class action.

### FACTS

33.    Plaintiff Paul Casale is a 50-year old man.

34.    Plaintiff Anthony Garcia is a 33-year old man.

35.    Before its nullification, P.L. § 240.35(7) provided, in relevant part, that a person is guilty of "loitering" when he "loiters or remains in a transportation facility, or is found sleeping therein, and is unable to give a satisfactory explanation of his presence."

36.    In 1988, in <u>People v. Bright</u>, 71 N.Y.2d 376, 526 N.Y.S.2d 66 (1988), the New York State Court of Appeals held that P.L. § 240.35(7) was unconstitutional.

37.    Before its nullification, P.L. § 240.35(3) provided, in relevant part, that a person is guilty of "loitering" when he "loiters or remains in a public place for the purpose of engaging, or soliciting another person to engage, in oral sexual conduct, anal sexual conduct or other sexual behavior of a deviate nature."

38.    In 1983, in <u>People v. Uplinger</u>, 58 N.Y.2d 936, 460 N.Y.S.2d 514 (1983), the New York State Court of Appeals held that P.L. § 240.35(3) was unconstitutional.

39.    Since these decisions, loitering under subsections (3) and (7) of P.L. § 240.35 has not been a crime, offense, or violation in New York State.

### *The Unconstitutional Charges Lodged Against Mr. Casale and Mr. Garcia*

40.    On March 4, 2007, Mr. Casale was peacefully standing in a public place at or about 42nd Street and Eighth Avenue, County of New York, New York, waiting to meet a friend, when defendant police officers John Does Nos. 1 and 2 stopped, detained and charged Mr. Casale with loitering in violation of P.L. § 240.35(7).

41.    Mr. Casale was verbally and mentally abused by defendant police officers John Does Nos. 1 and 2.

42.    Mr. Casale was subjected to an unlawful strip search by defendants.

43.    On April 4, 2007, the criminal prosecution against Mr. Casale was terminated favorably to Mr. Casale when the case was dismissed in the Criminal Court of the City of New York.

44.     On March 4, 2007, Mr. Garcia was peacefully standing in a public place at or about 42nd Street and Eighth Avenue, County of New York, New York, after dropping off a friend, when defendant police officers John Does Nos. 1 and 2 stopped, detained and charged Mr. Garcia with loitering in violation of P.L. § 240.35(7).

45.     Mr. Garcia was verbally and mentally abused by defendant police officers John Does Nos. 1 and 2.

46.     Mr. Garcia was subjected to an unlawful strip search by defendants.

47.     On April 4, 2007, the criminal prosecution against Mr. Garcia was terminated favorably to Mr. Garcia when the case was dismissed in the Criminal Court of the City of New York.

48.     As a result of the aforesaid wrongful charges brought against Mr. Casale and Mr. Garcia for loitering in violation of P.L. § 240.35(3), plaintiffs were wrongfully detained and charged without reason or probable cause.

49.     As a result of defendants' repeated unlawful and unconstitutional conduct described herein, plaintiffs and members of the plaintiff class suffered physical injuries, emotional distress, mental anguish, humiliation, and psychological trauma.

50.     The above-described wrongful, unjustifiable, and unlawful arrests, summonses, imprisonments, and prosecutions of plaintiffs Mr. Casale and Mr. Garcia were carried out without valid warrants, without plaintiffs' consent, and without probable cause.

51.     In charging Mr. Casale and Mr. Garcia with loitering in violation of P.L. § 240.35(3), or failing to prevent these occurrences, all defendants acted with malice, in that they knew or should have known that P.L. § 240.35(3) was long ago declared unconstitutional.

*Unconstitutional Policy and Practice in the NYPD*

      52.    At all relevant times, the City, acting through the NYPD, maintained a *de facto* policy, custom and practice of enforcement of particular subsections of P.L. § 240.35 after these subsections were declared unconstitutional by the New York State Court of Appeals, and of failing to train, supervise, or discipline police officers regarding their obligation to cease any enforcement of an unconstitutional subsection of P.L. § 240.35.

      53.    On information and belief, there were a minimum of 125 outstanding warrants for arrests for violations of subsections of P.L. § 240.35 that were previously held unconstitutional by the New York State Court of Appeals as of March 2007.

      54.    On information and belief, countless more unlawful arrests and summonses occurred  for violations of unconstitutional subsections of P.L. § 240.35 in all five counties of the City of New York, between the dates that the Court of Appeals invalidated these subsections of the loitering law and today.

      55.    On information and belief, countless more unlawful arrests and summonses occurred  for violations of unconstitutional subsections of P.L. § 240.35 but no longer appear in the record due to the decisions of the NYPD to void the arrest, the decisions of the District Attorney's Offices not to prosecute, or due to various other dispositions.

      56.    In light of the many hundreds of arrests and summonses throughout New York City for violations of unconstitutional subsections of P.L. § 240.35, defendants knew, or should have known, that many police officers were engaging in the lawless and unconstitutional practice of arresting people for violations of void and unenforceable statutes; yet defendants have repeatedly failed to take any action to end this conduct.

57.     The NYPD Supervisory Defendants' failure to train, discipline or supervise police officers regarding their obligation not to charge individuals for violations of unconstitutional subsections of P.L. § 240.35, and their obligation not to enforce these subsections of the statute, exhibited gross and wanton deliberate indifference to the constitutional rights of plaintiffs and members of the Class.

58.     On information and belief, the arrest of citizens and issuance of summonses for violations of void subsections of the loitering statute was and is well known throughout the NYPD.  Nevertheless, the NYPD Supervisory Defendants continue to allow police officers to continue the practice, and tolerated these unconstitutional practices.  The failure to take measures to curb this unconstitutional conduct constitutes an acquiescence in the known unlawful behavior of their subordinates.  The prevalence of these arrests and summonses and general knowledge of their existence, and the failure of the supervisory defendants to take remedial action, constitute deliberate indifference to the rights of plaintiffs and the Class.

59.     The NYPD Supervisory Defendants conduct has, moreover, been a substantial factor in the continuance of such arrests and summonses and a proximate cause of the constitutional violations alleged in this complaint.

60.     Because the pattern or practice of arresting individuals and issuing summonses for violations of unconstitutional subsections of P.L. § 240.35 has existed for many years in the NYPD, the NYPD Supervisory Defendants knew, or should have known, that police officers were engaging in the lawless and unconstitutional practice of arresting people and issuing summonses for violations of a void statute, yet defendants repeatedly failed to take any action to end this conduct by the police officers.

61.     Because, upon information and belief, a pattern or practice existed of arresting individuals and issuing summonses for violations of unconstitutional subsections of P.L. § 240.35, the NYPD Supervisory Defendants knew or should have known that police officers assigned to these precincts required training, supervision, and discipline regarding their obligations not to enforce this void statute.

### *Liability of the City of New York*

62.     Currently, as well as prior to and at the time of the arrests of Mr. Casale and Mr. Garcia, there exists and existed in the NYPD a pattern and practice of enforcing unconstitutional subsections of P.L. § 240.35 by police officers.

63.     The pattern of unconstitutional arrests, summons, and prosecutions for violations of void statutes; the failure to train staff regarding the nullity of the statutes; and the failure to supervise and/or discipline staff responsible for the unconstitutional arrests, summonses, and prosecutions, are so institutionalized as to represent a policy or custom of unconstitutional arrests and summonses for violations of unconstitutional subsections of P.L.§ 240.35, that caused the deprivation of plaintiffs' rights and those of the Class.

64.     The NYPD, through its supervisory staff and police officers, has failed or refused to hold accountable high-ranking supervisors - commanding officers - in the face of frequent misconduct, over a period of years, by these supervisors and by the staff they supervise. This failure is a proximate cause of the injuries sustained by Mr. Casale, Mr. Garcia and by other individuals charged with unconstitutional subsections of P.L.§ 240.35. The continuing inaction of the NYPD Supervisory Defendants exposes current and future citizens, including Mr. Casale,

Mr. Garcia and members of the Class to a pervasive risk of arrest, summons, and prosecution for a void crime.

65.     The pattern of unconstitutional arrests and summonses by police officers, and resulting prosecutions by assistant district attorneys; the extent to which these unlawful practices have been adopted by significant numbers of staff; and the persistent failure of the NYPD to supervise these officers properly and to take action to curb the misconduct, demonstrate a policy of deliberate indifference which tacitly authorizes the unconstitutional charges lodged against citizens like Mr. Casale and Mr. Garcia.

### FIRST CAUSE OF ACTION
42 U.S.C. § 1983; Fourth, Fifth
and Fourteenth Amendments
(Against the Individual NYPD Defendants)

66.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though set forth herein.

67.     By falsely arresting, falsely imprisoning, charging, and maliciously prosecuting Mr. Casale, Mr. Garcia and members of the class without probable cause or allowing such arrests to occur, defendants Jane/John Does 51-100 deprived plaintiffs and the putative class of their rights, remedies, privileges, and immunities guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

68.     By arresting, summonsing, charging, arraigning, and prosecuting the named Plaintiffs and members of the plaintiff class under unconstitutional and void statutes, defendants acted in an arbitrary, conscience-shocking and oppressive manner in violation of

plaintiffs' rights to due process of law under the Fifth and Fourteenth Amendment to the United States Constitution.

69.     The Individual NYPD Defendants acted under pretense and color of state law and in their individual and official capacities and within the scope of their employment.

70.     The Individual NYPD Defendants acted beyond the scope of their jurisdiction, without authority of law, and abused their powers.

71.     The Individual NYPD Defendants acted willfully, knowingly, and with the specific intent to deprive plaintiffs and members of the Class of their constitutional rights.

72.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs and members of the Class sustained the damages hereinbefore alleged.

## SECOND CAUSE OF ACTION
### 42 U.S.C. § 1983 Supervisory Liability
(against the NYPD Supervisory Defendants)

73.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

74.     The NYPD Supervisory Defendants were, at the relevant times, supervisory personnel of the New York City Police Department, with oversight responsibility over the Individual NYPD Defendants.  They were responsible for the training, instruction, supervision and discipline of the Individual NYPD Defendants, who falsely arrested and imprisoned plaintiffs and members of the Class, and violated their constitutional rights.

75.     On information and belief, the NYPD Supervisory Defendants were aware and well-informed of the Individual NYPD Defendants' conduct of false arrest, false

-15-

imprisonment, malicious prosecution, strip-searches, and violations of their constitutional rights perpetrated against plaintiffs and others.

76.    The NYPD Supervisory Defendants had actual or constructive knowledge that the Individual NYPD Defendants were engaged in conduct that posed a pervasive and unreasonable threat to the constitutional rights of Mr. Casale, Mr. Garcia and others.

77.    The NYPD Supervisory Defendants failed to protect Mr. Casale, Mr. Garcia and members of the Class despite their knowledge that the Individual NYPD Defendants violated their constitutional rights and posed a serious threat to their being allowed to freely exercise their constitutionally protected rights.

78.    The response of the NYPD Supervisory Defendants to their knowledge of this threat was so inadequate as to show deliberate indifference or tacit approval of the conduct of the Individual NYPD Defendants.

79.    The failure of the NYPD Supervisory Defendants to supervise and discipline the Individual NYPD Defendants amounted to gross negligence, deliberate indifference, and/or intentional misconduct.

80.    As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiffs and members of the class sustained the damages herein before alleged.

**THIRD CAUSE OF ACTION**
42 U.S.C. § 1983 - Municipal Liability/NYPD
(Against defendant City)

81.     Plaintiffs repeats, reiterates and realleges each and every allegation

contained in the foregoing paragraphs of this complaint with the same force and effect as though

fully set forth herein.

82.     Since the New York State Court of Appeal declared certain subsections of

the loitering statute P.L. § 240.35 unconstitutional, defendant City has permitted, tolerated and

been deliberately indifferent to a pattern and practice of illegal behavior by members of the

NYPD.

83.     Defendant City had knowledge to a moral certainty that members of the

NYPD named as defendants in this case had falsely arrested, summonsed, and imprisoned

plaintiffs for constitutionally invalid subsections of P.L. § 240.35, in violation of plaintiffs'

Fourth, Fifth, and Fourteenth Amendment rights.  Although the behavior of police officers

towards plaintiffs and members of the Class was improper, outrageous, and shocking to the

conscience, on information and belief, none of the police officers involved has been prosecuted,

disciplined or subjected to retraining.

84.     Permitting such outrageous behavior has resulted in frequent violations of

federal constitutional rights.  The violations of these rights have been known to defendants, who

have failed to maintain a proper system for investigation of all incidents of illegal actions by

defendants.

85.     Defendant City has failed to train police officers that arrests and

summonses made under unconstitutional subsections of P.L. § 240.35 are invalid.

86.    Defendant City's failure to train police officers that arrests and summonses made under unconstitutional subsections of P.L. § 240.35 were invalid constituted deliberate indifference to the federally protected rights of plaintiffs and the Class.

87.    Defendant City failed to supervise, investigate and discipline the individual police officer defendants.   As a result, plaintiffs and members of the Class were exposed to their illegal acts, which led to serious injury.

88.    Defendant City maintained a de facto policy, custom and practice of enforcement of unconstitutional subsections of P.L. § 240.35 that constituted deliberate indifference to the federally protected rights of plaintiffs and the Class.   As a result, plaintiffs and members of the Class were exposed to their illegal acts, which led to serious injury.

89.    The foregoing acts, omissions, systematic flaws, policies and customs of defendant City caused the members of the NYPD to believe that their illegal and improper actions would not be properly investigated and corrected, with the foreseeable result that officers are most likely to act improperly and to arrest people for constitutionally invalidated offenses.

90.    As a direct and proximate result of the aforesaid acts, omissions, systematic flaws, policies, and customs of defendant City, plaintiffs Paul Casale, Anthony Garcia and members of the Class suffered and continue to suffer serious actual injuries, including without limitation, emotional and mental distress, degradation and humiliation.

## FOURTH CAUSE OF ACTION
False Arrest and False Imprisonment
(Against the Individual NYPD Defendants and the City)

91.    Plaintiffs repeats, reiterates and realleges each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

92.    By the actions described above, the NYPD Individual Defendants falsely arrested, falsely imprisoned and detained Plaintiffs and members of the Class without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of defendants were the direct and proximate cause of injury and damage to Plaintiffs and members of the Class and violated their statutory and common law rights as guaranteed to him by the laws and Constitution of the State of New York

93.    The City, as the employer of each of the NYPD Individual Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

94.    As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiffs and members of the Class sustained the damages hereinbefore alleged.

## FIFTH CAUSE OF ACTION
Malicious Prosecution
(Against the NYPD Individual Defendants and the City)

95.    Plaintiffs repeat, reiterate and reallege each and every allegation contained in the foregoing paragraphs of this complaint with the same force and effect as though fully set forth herein.

96.     The NYPD Individual Defendants charged Plaintiffs and members of the Class with violations of unconstitutional subsections of P.L. § 240.35 falsely, maliciously, in bad faith, and without probable cause.

97.     All charges against Mr. Casale and Mr. Garcia were terminated in their favor.

98.     Defendant City, as employer of the NYPD Individual Defendants , is responsible for this wrongdoing under the doctrine of respondeat superior.

99.     As a direct and proximate result of the misconduct and abuse of authority detailed above, Plaintiff sustained the damages hereinbefore alleged.

WHEREFORE, plaintiffs and members of the Class requests the following relief jointly and severally as against all of defendants:

1.     A judgment declaring that defendants have committed the violations of law alleged in this action;

2.     An order preliminarily and permanently enjoining and directing defendants to cease enforcement of those subsections of New York Penal Law § 240.35 that have been declared unconstitutional by the New York State Court of Appeals; and to take all appropriate ameliorative measures to ensure that no one is arrested, summonsed or prosecuted for violations of an unconstitutional subsection of New York Penal Law § 240.35, including without limitation:

A.     Directing defendants to immediately communicate to all members of the NYPD and the assistant district attorneys within the City of New York that subsections of P.L. § 240.35 held unconstitutional

by the New York State Court of Appeals are void and
unenforceable;

B.     Directing defendants to immediately communicate to all court
personnel within the City of New York, including judges and
clerks, that subsections of P.L. § 240.35 held unconstitutional by
the New York State Court of Appeals are void and unenforceable;

C.     Directing that immediate remedial training that subsections of P.L.
§ 240.35 held unconstitutional by the New York State Court of
Appeals are void and unenforceable be provided to all current
members of the NYPD, all future members of the NYPD (via
training at the police academy), and all supervisory members of the
NYPD through a dedicated mandatory training;

D.     Directing defendants to put in place a system for tracking all arrests
or charges for unconstitutional subsections of P.L. § 240.35 in a
contemporaneous manner so that any arrest or charge can be
immediately terminated;

E.     Directing defendants to program any and all databases including
but not limited the NYPD computerized arrest and complaint
system, the OCA Criminal Records Information Management
System ("CRIMS") and summonses databases, and the DCJS
fingerprint inquiry and criminal history databases, to reject

unconstitutional subsections of P.L. § 240.35 as valid charges and generate an error report; and

F.     Directing defendants to issue policies and procedures to ensure that unconstitutional subsections of P.L. § 240.35 are not enforced, including but limited to NYPD Patrol Guide procedures, training manuals, Unified Court System procedures and policies; Administrative Judge orders; and DCJS policies and procedures.

3.     An order preliminarily and permanently enjoining defendants to take any and all remedial measures necessary to completely remove all records of any arrest, charge, prosecution or conviction of an unconstitutional subsection of P.L. § 240.35, including without limitation:

A.     directing defendants to destroy all mug shots (or other photographs), fingerprints, and all paper and electronic data or files making any reference to an arrest, charge, prosecution or conviction under an unconstitutional subsection of P.L. § 240.35;

B.     directing that any convictions and/or warrants contained in any criminal records concerning violations of an unconstitutional subsection of P.L. § 240.35 be immediately expunged;

C.     directing that all outstanding warrants concerning violations of an unconstitutional subsection of P.L. § 240.35  be immediately vacated and expunged;

4.     Compensatory damages against all defendants in an amount to be proven at trial;

5.    Punitive damages against all defendants, except the City, in an amount to be

proven at trial;

6.    An order awarding disbursements, costs, and attorneys' fees pursuant to 42

U.S.C. § 1988; and

7.    Such other and further relief that may be just and proper.


Dated: March 3, 2008
       New York, New York

                              EMERY CELLI BRINCKERHOFF
                              & ABADY LLP

                              By: _____
                                  Matthew D. Brinckerhoff (MB 3552)
                                  Katherine Rosenfeld (KR 8525)
                              75 Rockefeller Plaza - 20th Floor
                              New York, New York 10019
                              (212) 763-5000

                              EARL WARD - ATTORNEY AT LAW
                                  Earl Ward (EW 2875)
                              75 Rockefeller Plaza - 20th Floor
                              New York, New York 10019
                              (212) 763-5000

                              THE BRONX DEFENDERS
                                  J. McGregor Smyth, Jr. (JS 9995)
                              860 Courtlandt Avenue
                              Bronx, New York 10451
                              (718)838-7878

                              *Attorneys for Plaintiffs and the Putative Class*