

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

RACHEL SELIGMAN WEISS
*Senior Counsel*
rseligma@law.nyc.gov
(212) 788-0784
(212) 788-9776 (fax)

April 2, 2008

**BY FAX**
Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: Paul Casale, et al., v. Kelly, et al.,
08 CV 02173 (SAS)(THK)

Your Honor:

    I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendant City of New York. I write to respectfully request a sixty (60) day enlargement of time from April 2, 2008 until June 2, 2008 to answer or otherwise respond to plaintiffs' complaint on behalf of the City of New York and defendant Raymond Kelly.

    In addition, we respectfully request an adjournment of the initial conference presently scheduled for April 11, 2008, as counsel is out of the office that day; counsel for plaintiffs consents to adjourning the April 11, 2008 date but only to accommodate counsel's unavailability. Respectfully, defendants request that the conference be rescheduled for a date and time convenient to the Court after issue has been joined; however, counsel is available at the Court's convenience the week of April 13, 2008.

    There are several reasons for seeking an enlargement of time. In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we need time to investigate the allegations of the complaint. In this case, plaintiffs Paul Casale and Anthony Garcia allege that they were falsely arrested for "violations of unconstitutional subsections of the

loitering statute P.L. § 240.35, including P.L. §§ 240.35(3) and (7)."[1] According to plaintiffs' complaint, these two subsections of the N.Y.P.L. § 240.35 were previously declared unconstitutional by the New York State Court of Appeals in 1983 and 1988, respectively. Plaintiffs further allege they were arrested pursuant to an alleged and long-standing unconstitutional "pattern and practice" by police officers in the NYPD. Accordingly, it is necessary for the defendant City of New York to acquire as much information as possible concerning this matter in order to properly assess the case and respond to the complaint. This office is in the process of forwarding to plaintiffs for execution, a consent and authorization for the release of records sealed pursuant to N.Y.C.P.L. § 160.50.

Although plaintiffs are not prejudiced in any way by the request for an enlargement of time, plaintiffs will only agree to the sixty (60) day enlargement of time if defendants agree to certain pre-answer discovery. The first condition is that defendants will not object to plaintiffs' serving the Office of Court Administration ("OCA") with a subpoena for their data concerning enforcement of N.Y.P.L. §§ 240.35(3) & (7). Defendants would agree not to object to plaintiffs seeking discovery from OCA, provided that defendants are afforded an opportunity to participate in the process, including but not limited to involvement in the formulation of any discovery requests or demands and the drafting of any confidentiality and/or protective orders.

Plaintiffs' second condition is that within sixty (60) days defendants will produce electronically the same type of data from the NYPD databases for arrests under §§ 240.35(3) & (7) as defendants produced in *Brown v. Kelly*, 05 Civ. 5442 (SAS), for arrests under N.Y.P.L. § 240.35(1) (loitering with the purpose of begging). Defendants cannot consent to this condition. First, defendants require the enlargement of time precisely to ascertain the existence, form and contents of any such data, and cannot make any representations regarding such data until defendants have completed their own internal investigation. Second, plaintiffs' request is not limited in time in any way. Third, there is no protective order in place to ensure the confidentiality of the data, nor have sealed documents been unsealed pursuant to N.Y.C.P.L. §160.50.

Furthermore, although plaintiffs believe that this matter is related in some way to the matter of *Brown v. Kelly*, 05 CV 5442, which is also pending before Your Honor, defendants

---

[1] N.Y.P.L. §240.35(3) provides that a person is guilty of loitering when the person: "Loiters or remains in a public place for the purpose of engaging, or soliciting another person to engage, in oral sexual conduct, anal sexual conduct or other sexual behavior of a deviate nature."

N.Y.P.L. §240.35(7) provides that a person is guilty of loitering when the person: "Loiters or remains in any transportation facility, or is found sleeping therein, and is unable to give a satisfactory explanation of his presence."

respectfully submitted that this simply is not so. As Your Honor is aware, *Brown* involves subsection (1) of the loitering statute and all of the discovery which has been obtained to date involves only that specific subsection. Thus, defendants must now investigate plaintiffs' new allegations as they pertain to these additional subsections of the loitering statute. Given the foregoing circumstances, plaintiffs' lack of entitlement to pre-Answer discovery in any event and the lack of prejudice that will inure to plaintiffs, this condition is unreasonable.

Accordingly, defendants City and Kelly respectfully request that their time to respond to the complaint be extended to June 2, 2008. Defendants also respectfully request an adjournment of the initial conference presently scheduled for April 11, 2008, to a date and time convenient to the Court after issue has been joined.

Respectfully submitted,

Rachel Seligman Weiss (RS 6674)
Assistant Corporation Counsel

cc: Matthew Brinckerhoff, Esq. (by fax)
Emery Celli Brinckerhoff & Abady

> Defendants' request for an enlargement of time from April 2, 2008 to June 2, 2008 to move or answer plaintiffs' complaint is granted pending the initial conference. Defendants' request for an adjournment of the initial conference is <u>denied</u>. The parties must appear at the conference previously scheduled for April 11, 2008, at 3:30pm
>
> SO ORDERED:
>
> Date: April 4, 2008
>
> Shira A. Scheindlin, USDJ