UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

PAUL CASALE and ANTHONY GARCIA, on Behalf of
Themselves and Others Similarly Situated,

            Plaintiffs,

-against-

RAYMOND W. KELLY, Commissioner of the New York
City Police Department (NYPD); CITY OF NEW YORK;
JOHN/JANE DOES 1-50 (Supervisory, Training, and
Policy Personnel with the district attorneys offices);
JOHN/JANE DOE 51-100 (NYPD police officers);

            Defendants.

------------------------------------------------------------------ x

**ANSWER**

08 CV 02173 (SAS)

**JURY TRIAL DEMANDED**

    Defendants CITY OF NEW YORK and RAYMOND W. KELLY by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their Answer to the Complaint, respectfully allege, upon information and belief, as follows:

    1.  Defendants state that the statement set forth in paragraph "1" of the complaint does not constitute an averment to which a response is required.

    2.  Defendants state that the statement set forth in paragraph "2" of the complaint does not constitute an averment to which a response is required.

    3.  Defendants state that the statement set forth in paragraph "3" of the complaint does not constitute an averment to which a response is required.

    4.  Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "4" of the complaint.

    5.  Deny the allegations set forth in paragraph "5" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

6. Defendants state that the statement set forth in paragraph "6" of the complaint does not constitute an averment to which a response is required.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit that plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

10. Deny the allegations set forth in paragraph "10" of the complaint, except admit that plaintiffs purport to base venue as stated therein.

11. Defendants state that the statement set forth in paragraph "11" of the complaint does not constitute an averment to which a response is required.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint, except admit that the City of New York is a municipal corporation and maintains a police department. Defendants also respectfully refer the Court to the New York City Charter and Administrative code for a recitation of the relationship between defendant City and the New York City Police Department.

15. Defendants state that the allegations set forth in paragraph "15" of the complaint are conclusions of law rather than averments of fact to which no response is required.

16. Defendants state that the allegations set forth in paragraph "16" of the complaint are conclusions of law rather than averments of fact to which no response is required, except admit that Raymond Kelly is the Police Commissioner of the City of New York.

17. Defendants state that the allegations set forth in paragraph "17" of the complaint are conclusions of law rather than averments of fact to which no response is required.

18. Deny the allegations set forth in paragraph "18" of the complaint.

19. Deny the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except admit that plaintiffs purport to proceed as stated therein.

21. Deny the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. Deny the allegations set forth in paragraph "23" of the complaint, except admit that plaintiffs purport to proceed as set forth therein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. Deny the allegations set forth in paragraph "29" of the complaint.

30. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. Defendants state that the statement set forth in paragraph "32" of the complaint does not constitute an averment to which a response is required.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the complaint.

34. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the complaint.

35. Defendants state that the statement set forth in paragraph "35" of the complaint does not constitute an averment to which a response is required.

36. Defendants state that the allegations set forth in paragraph "36" of the complaint are conclusions of law rather than averments of fact to which no response is required.

37. Defendants state that the statement set forth in paragraph "37" of the complaint does not constitute an averment to which a response is required.

38. Defendants state that the allegations set forth in paragraph "38" of the complaint are conclusions of law rather than averments of fact to which no response is required.

39. Defendants state that the allegations set forth in paragraph "39" of the complaint are conclusions of law rather than averments of fact to which no response is required,

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint.

51. Deny the allegations set forth in paragraph "51" of the complaint.

52. Deny the allegations set forth in paragraph "52" of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the complaint.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the complaint.

56. Deny the allegations set forth in paragraph "56" of the complaint.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. Deny the allegations set forth in paragraph "61" of the complaint.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. Deny the allegations set forth in paragraph "65" of the complaint.

66. In response to the allegations set forth in paragraph "66" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "65" of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68 of the complaint.

69. Defendants state that the allegations set forth in paragraph "69" of the complaint are conclusions of law rather than averments of fact to which no response is required.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. In response to the allegations set forth in paragraph "73" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "72" of this answer, as if fully set forth herein.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint.

79. Deny the allegations set forth in paragraph "79" of the complaint.

80. Deny the allegations set forth in paragraph "80" of the complaint.

81. In response to the allegations set forth in paragraph "81" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "80" of this answer, as if fully set forth herein.

82. Deny the allegations set forth in paragraph "82" of the complaint.

83. Deny the allegations set forth in paragraph "83" of the complaint.

84. Deny the allegations set forth in paragraph "84" of the complaint.

85. Deny the allegations set forth in paragraph "85" of the complaint.

86. Deny the allegations set forth in paragraph "86" of the complaint.

87. Deny the allegations set forth in paragraph "87" of the complaint.

88. Deny the allegations set forth in paragraph "88" of the complaint.

89. Deny the allegations set forth in paragraph "89" of the complaint.

90. Deny the allegations set forth in paragraph "90" of the complaint.

91. In response to the allegations set forth in paragraph "91" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "90" of this answer, as if fully set forth herein.

92. Deny the allegations set forth in paragraph "92" of the complaint.

93. Defendants state that the allegations set forth in paragraph "93" of the complaint are conclusions of law rather than averments of fact to which no response is required.

94. Deny the allegations set forth in paragraph "94" of the complaint.

95. In response to the allegations set forth in paragraph "95" of the complaint, defendants repeat and reallege the responses set forth in paragraphs "1" through "94" of this answer, as if fully set forth herein.

96. Deny the allegations set forth in paragraph "96" of the complaint.

97. Defendants state that the allegations set forth in paragraph "97" of the complaint are conclusions of law rather than averments of fact to which no response is required.

98. Defendants state that the allegations set forth in paragraph "98" of the complaint are conclusions of law rather than averments of fact to which no response is required.

99. Deny the allegations set forth in paragraph "99" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

100. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

101. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

102. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the negligent and/or culpable conduct of third parties and was not the proximate result of any act of the defendants.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

103. At all times relevant to the acts alleged in the complaint, defendant City of New York, its agents and officials, acted reasonably in the proper and lawful exercise of their discretion. As a result, defendant City of New York is entitled to governmental immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

104. Punitive damages cannot be recovered against the City of New York.

## AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE:

105. There was probable cause for plaintiffs' arrests, detentions, and prosecutions.

## AS AND FOR AN SEVENTH AFFIRMATIVE DEFENSE:

106. Plaintiffs' claims and those of the putative class may be barred in whole or in part by the applicable statute of limitations.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

107. Plaintiffs provoked any incident.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

108. Plaintiffs have failed to comply with G.M.L. § 50 (e) & (i).

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

108. Defendant Raymond Kelly was not personally involved in any alleged incidents involving plaintiffs.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

109. Defendant Raymond Kelly is entitled to qualified immunity from liability.

**WHEREFORE**, defendants City of New York and Raymond Kelly request judgment dismissing the complaint, awarding costs, disbursements and reasonable attorneys' fees and such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           June 2, 2008

                                        MICHAEL A. CARDOZO
                                        Corporation Counsel of the
                                        City of New York
                                        Attorney for Defendants City and Kelly
                                        100 Church Street
                                        New York, New York 10007
                                        (212) 788-0784

                              By:       _____
                                        RACHEL SELIGMAN WEISS (RS 6674)
                                        Assistant Corporation Counsel


TO:    Katie Rosenfeld, Esq.
       Emery Celli Brinckerhoff & Abady

Index No. 08 CV 02173 (SAS)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PAUL CASALE and ANTHONY GARCIA, on Behalf of Themselves and Others Similarly Situated,

Plaintiffs,

-against-

RAYMOND W. KELLY, ET AL.,

Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for City Defendants City and Kelly*
*100 Church Street*
*New York, N.Y. 10007*
*Of Counsel: Rachel Seligman Weiss*

*Tel: (212) 788-0784*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y. ................................................,2008*

*................................................................. Esq.*

*Attorney for City of New York*