12122272039



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/7/08

**THE CITY OF NEW YORK**

**MICHAEL A. CARDOZO**
*Corporation Counsel*

**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**RACHEL SELIGMAN WEISS**
*Assistant Corporation Counsel*
ldonahue@law.nyc.gov
(212) 788-0784
(212) 788-9776 (fax)

August 6, 2008

**BY FAX**

Honorable Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

RECEIVED
CHAMBERS OF

AUG 0  2008

JUDGE SCHEINDLIN

Re:  Paul Casale, et al., v. Kelly, et al.,
08 CV 02173 (SAS)(THK)

Your Honor:

I am an Assistant Corporation Counsel in the office of Michael A. Cardozo, Corporation Counsel of the City of New York, attorney for defendants.    We write in response to plaintiffs' letter dated August 5, 2008, wherein plaintiffs seek to extend the deadline for filing their motion for class certification.

To conserve judicial resources and attorney fees, defendants propose postponing the briefing of the class certification motion until the Second Circuit decides the pending appeal in *Wise v. Kelly*. Despite that plaintiffs filed this action as related to *Wise v. Kelly*, they now argue that the cases present "distinctly different legal issues" and that "the issues before the Second Circuit in *Wise* are quite different than the relatively more straightforward certification issues posed by the instant case." Plaintiffs ignore that among the issues on appeal in *Wise* is whether the Rule 23(b)(3) plaintiff class certification comprised only of New York City class members was proper.  Specifically, defendants have challenged the finding that common issues of law and fact predominate over the individualized issues of whether probable cause exists in each instance to justify the arrest or warrant, particularly in light of Devenpeck v. Alford, 543 U.S. 146, 125 S. Ct. 588 (2004) and because the majority of putative class members were charged with at least one offense in addition to a violation of New York Penal Law ("NYPL") Section 240.35(1).  Guidance from the Second Circuit on this issue will clarify whether or not class certification is appropriate in this case, which also presents a putative Rule 23(b)(3) plaintiff class comprised of New York City class members arrested or summonsed under NYPL 240.35(3) or (7).

*The following motion schedule is acceptable to the court. Moving papers on class certification: October 17; response papers Nov. 25, Reply papers Dec. 12.  So Ordered.*

*Shaffer USDJ*
*8/6/08*

Alternatively, should Your Honor prefer to schedule the briefing, defendants do not object to extending plaintiff's time to move for class certification to October 17, 2008; however, defendants request until November 25, 2008 to submit their opposition (not November 21, 2008, as plaintiffs propose), and, if this request is granted, defendants would consent to December 12, 2008 for plaintiffs' reply. Plaintiffs will not be prejudiced in any way if Your Honor were to grant defendants an additional two days or until November 25, 2008 to oppose plaintiffs' motion for class certification.

Thank you for your attention to this matter.

Respectfully submitted,

Rachel Seligman Weiss
Assistant Corporation Counsel

cc:    Katie Rosenfeld, Esq. (by fax)
       Emery Celli Brinckerhoff & Abady